SUÁREZ, PLAINTIFF AND APPELLANT, *v.* SUÁREZ ET AL., DEFENDANTS AND APPELLEES.

## APPEAL from the District Court of San Juan in an Action to Annul an Assignment.

No. 2261.—*Decided January 14, 1921.*

HEIRS—CAPACITY TO SUE.—When the complaint prays for the annulment of a fraudulent conveyance made by an attorney in fact of the hereditary rights of the plaintiff in the estate of her deceased brother, alleging that three-fourths of said estate had been inherited by the father, from whom, in turn, the plaintiff inherited, a judgment dismissing the complaint for lack of capacity in the plaintiff is erroneous.

ID.—CAUSE OF ACTION.—The complaint prayed for the annulment of a certain deed of conveyance executed by an attorney in fact and alleged that ''contrary to the express wish of the plaintiff and after she had given him notice by letter of the revocation of the power, the said attorney in fact, maliciously and in fraud of her rights, conveyed all of her interests in the estate of her said brother to * * * ;'' that 'no consideration moved in the said contract * * * ,'' and that ''the said grantee or vendee is a person without means sufficient to enter into such a contract and knew the purpose of the conveyance, which was only to defraud the plaintiff of her legitimate rights and make it imposible for her to sue.'' *Held:* That the said complaint stated a good cause of action.

The facts are stated in the opinion.

*Messrs. L. Méndez Vaz* and *J. R. F. Savage* for the appellant.

*Messrs. C. Coll y Cuchí* and *G. Cruzado Silva* for appellee Marcial Suárez.

*Mr. C. García de la Noceda* for appellee José Rodríguez.

MR. JUSTICE DEL TORO delivered the opinion of the court.

An action having been brought by Aurora Suárez y Suárez against Marcial Suárez y Suárez and José Rodríguez y Alvarez for the annulment of a certain assignment of rights and interests, the defendants alleged that the complaint did not state facts sufficient to constitute a cause of action, and defendant Suárez alleged also, in a motion for dismissal of the complaint, that the plaintiff lacked capacity to sue. The district court took the case under advisement and entered judgment on May 7, 1920, dismissing the complaint. From that judgment the present appeal was taken.

In the opinion rendered in support of its judgment the district court expressed itself as follows:

"The purpose of this action is to annul an assignment of inheritance made by Marcial Suárez y Suárez as attorney in fact of the plaintiff to José Rodríguez Alvarez before notary Carlos García de la Noceda on August 14, 1918.

"According to the complaint, the properties involved in this transaction belong to Cándido Suárez y Suárez, a brother of the plaintiff, and it is set out in the complaint that the heirship of the plaintiff proceeds from the death in Spain on June 2, 1902, of Juan Suárez Rodríguez, who before his death had inherited from his son, Cándido Suárez y Suárez, who died intestate in this Island on August 10, 1901.

"It is evident that Aurora Suárez y Suárez has no capacity to litigate as the heir of her brother Cándido, because she is not really his heir and consequently has no right to interfere with the transactions effected regarding said properties by Marcial Suárez or by any other person in his name and behalf.

"The mistaken idea under which Marcial Suárez may have carried out these transactions does not give the plaintiff the character of heir of her brother Cándido or the capacity to sue in connection with these properties.

"In the case of *Alvarez* v. *Rossy, District Judge,* this doctrine laid down by us was upheld.

"The Supreme Court said:

" 'The petitioner is manifestly in error if she is to be undestood as maintaining that the brothers and sisters of Cándido Suárez should be included among his heirs. As he left a father and some natural

children, the brothers and sisters are collateral relatives not entitled to be considered heirs. What is the fact is that these brothers and sisters, and there is a number of them, are all heirs of their father, who in turn was the heir of his son Cándido Suárez.'

"This we now repeat. Until the parties interested as plaintiffs in these controversies abandon the belief that they are heirs of Cándido Suárez y Suárez and desist from attempting to interfere in the transactions connected with the estate of the said decedent, they can not be successful in their efforts.

"They are the heirs of Juan Suárez y Rodríguez and as such they should act in these proceedings."

We have examined the complaint and in our opinion it shows that the plaintiff does not claim any rights as heir of her brother, Cándido Suárez y Suárez, but as the heir of her father, Juan Suárez y Rodríguez. It is true that the properties involved in the suit proceed from the estate of Cándido Suárez, the plaintiff's brother, but in the complaint it is clearly stated that three-fourths of that estate passed to Juan Suárez, the father of Cándido, at the death of the latter, and that the father having died after so inheriting, the said properties passed to his children, one of whom is the plaintiff. This being so, the grounds on which the district court dismissed the complaint can not be sustained.

Counsel for the defendants also contend in their briefs that the complaint does not state facts sufficient to constitute a cause of action because it shows that in conveying to the other defendant, Rodríguez, the rights and interests of the plaintiff, defendant Suárez acted as her attorney in fact and the power was not revoked until after the conveyance.

The conveyance sought to be annulled was made on August 14, 1918. In the complaint it is alleged that the power of attorney given by the plaintiff to defendant Suárez "was in force until the first few months of the year 1918, at which time the plaintiff informed Marcial Suárez by letter that she did not wish him to continue as her attorney in fact, and this revocation was made in legal form on August 24,

1918, before notary Juan Antonio Lliteras of Havana and communicated to the attorney in fact in this city on December 12 of the same year by notary Antonio .Trujillo of San Juan.''

If this were the only allegation in the complaint on this point, perhaps the defendants would be right, but it is also alleged that ''contrary to the express wish of the plaintiff and after she had notified him by letter of the revocation of the power, Suárez maliciously and fraudulently conveyed all of her rights and interests in the estate of her said brother to José Rodríguez Alvarez, * * * ;'' that ''the said contract was without a consideration * * * ,'' and that ''the said assignee or grantee is a person without sufficient means to fulfill such a transaction and as the grantee therein had knowledge of the purpose of the conveyance, which was no other than to prejudice the plaintiff in her legitimate rights and make all claim by her impossible.''

Judgment was rendered on the pleadings. All of the allegations of the complaint, therefore, must be accepted as true. And if it is true that defendant Suárez had been notified already by letter of the revocation of the power and that the other defendant, Rodríguez, knew that the transaction was a fraudulent one, it is clear that the acts of both against the interests of the plaintiff are null and void.

The language used by the plaintiff in one of the counts of the complaint and heretofore transcribed (''conveyed all of her rights and interest in the estate of her said brother'') was what evidently led to the conclusion reached by the trial court that the plaintiff was suing as heir of her brother and that, not being such heir, she had no capacity to sue, or rather had no cause of action. We repeat that reading the complaint as a whole it is concluded that the plaintiff sues as the heir of her father and not as an heir of her brother. Cándido Suárez died in this Island in 1901 and his properties were situated here, while his father resided in Spain.

It seems that no partition was made between the father and the natural children of Cándido, the estate being managed by defendant Marcial Suárez. In the following year, 1902, the father died and Marcial continued to manage the properties and the heirs of the father continued to reside away from the Island; therefore the matter was always spoken of as Cándido's estate, because that was really the fact.

The judgment appealed from must be reversed and the case remanded to the trial court for further proceedings not inconsistent herewith.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.